IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLOTTA L. SPARKS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 2:21-CV-633-WKW ) [WO] |
| MELINDA F. ANDERSON, | ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Defendant removed this action on the basis of diversity jurisdiction. *See* 28 U.S.C. §§ 1332(a), 1441(a). Pending is Plaintiff's motion to remand this action to state court under 28 U.S.C. § 1447(c). (Doc. # 7.) Defendants have responded in opposition, and the issues are fully briefed. (Docs. # 9, 10.) For the reasons to follow, the motion to remand is due to be granted.

**I. STANDARD OF REVIEW**

On a motion to remand, the removing party bears the burden of proving that removal jurisdiction is proper. *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013). "[A]ll doubts about jurisdiction should be resolved in favor of remand to state court." *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012). Congress has empowered federal courts to hear cases removed by a defendant from state to federal court if the plaintiff could have brought the claims

in federal court originally. *See* 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal courts properly exercise diversity jurisdiction over civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and where the action is between citizens of different states. 28 U.S.C. § 1332(a)(1).

## II. BACKGROUND

Plaintiff Charlotta Sparks brought this lawsuit against Defendant Malinda Anderson in the Circuit Court of Bullock County, Alabama. Her action seeks damages for injuries her husband sustained in a motor vehicle incident that occurred in February 2020, in Bullock County. Mrs. Sparks's husband, Michael Sparks, was injured when Defendant allegedly failed to yield the right of way at a stop sign and collided with Mr. Sparks's vehicle. Mrs. Sparks was not in the vehicle at the time of the accident.

Mrs. Sparks brings state-law claims for negligence and wantonness arising from the injuries her husband sustained in the motor vehicle accident. She also brings a derivative claim for loss consortium on her own behalf, seeking damages she suffered as a proximate result of her husband's injuries. (Doc. # 1-1, at 2–4.)

Defendant timely removed this action on the basis of diversity jurisdiction. Section 1332(a)(2). Mrs. Sparks and Defendant are of diverse citizenship: Mrs. Sparks is a citizen of Alabama, and Defendant is a citizen of Georgia. (Doc. # 1,

at ¶¶ 1–2.) But Mrs. Sparks's complaint caps her damages: "Plaintiff is not seeking and will not accept damages in a sum in excess of $75,000.00, exclusive of interest and costs." (Doc. # 1-1, at 4.) Moving to remand, Mrs. Sparks contends that the amount in controversy is lacking. (Doc. # 7.)

### III.  DISCUSSION

When, as here, the complaint contains a limitation establishing that the amount in controversy falls below the jurisdictional minimum, the removing party "must prove to a legal certainty" that the plaintiff's claims "must exceed" the jurisdictional amount. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). A plaintiff who "does not desire to try his case in the federal court . . . may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938). A plaintiff's claim for damages, "when it is specific and in a pleading signed by a lawyer, deserves deference and a presumption of truth." *Burns*, 31 F.3d at 1095. The issue is whether Defendant has demonstrated that the amount in controversy is satisfied. She has not.

Mrs. Sparks's limitation on damages in her pleading filed in the state court was "subject to the requirements of Alabama Rule of Civil Procedure 11." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1220 (11th Cir. 2007). Similarly, counsel's representations in the motion to remand filed in this court are subject to the strictures

3

of Rule 11(b) of the Federal Rules of Civil Procedure. *See Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 (11th Cir. 2003) (explaining that, because the plaintiff's attorneys were officers of the court and were "subject to sanctions under Federal Rule of Civil Procedure 11 for making a representation to the court for an improper purpose, such as merely to defeat diversity jurisdiction, we give great deference to such representations and presume them to be true") (internal footnote omitted).

In the complaint, Mrs. Sparks has agreed to limit the amount of damages that she will claim. She reaffirms that limitation in her motion to remand. (Doc. # 7.) That limitation is less than the jurisdictional amount to support this court's exercise of diversity jurisdiction. A plaintiff may choose to sue for less than the jurisdictional amount if she does not wish to be in federal court. *See St. Paul Mercury Indem. Co.*, 303 U.S. at 294. Mrs. Sparks has done so in this case. Defendant cannot meet her heavy burden of showing to a legal certainty that Mrs. Sparks's claims "must exceed" the jurisdictional limit. *Burns*, 31 F.3d at 1095.

Notwithstanding Mrs. Sparks's limitation on damages, Defendant argues that removal is proper. Defendant's arguments are fourfold.

First, Defendant argues that this lawsuit amounts to improper claim splitting because her husband filed a related action against Defendant in state court (which was removed to this court). *See Sparks v. Anderson*, No. 21cv283-RAH (M.D. Ala.

4

April. 13, 2021). Mr. Sparks's action includes similar claims of negligence and wantonness; however, Mrs. Sparks is not a party to that action, and thus that action does not include Mrs. Sparks's loss-of-consortium claim.[1] Defendant contends that Mrs. Sparks should have joined her husband's lawsuit and brought her loss-of-consortium claim there. But the rule against improper claim splitting is not jurisdictional,[2] and Defendant cites no authority that would permit a court to dismiss a claim for claim splitting (or to consolidate it with a related action) prior to assuring that subject matter jurisdiction exists. *See, e.g.*, *Siglin v. Sixt Rent a Car, LLC*, No. 20CV503 DMS (BLM), 2020 WL 3468220, at *3 (S.D. Cal. June 25, 2020) (finding that, because subject matter jurisdiction was lacking, remand was required and the defendant's claim-splitting argument could not be reached). Defendant's reliance on the claim-splitting rule does not present a proper basis for removal.

Second and relatedly, Defendant complains that she now is subject to two separate, but related lawsuits, one of which is pending in this court before another

---

[1] As Defendant points out, Mr. Sparks also moved to remand his action, but that motion was denied. *See Sparks v. Anderson*, 2:21cv283-RAH (M.D. Ala. June 22, 2021), ECF No. 9. The grounds demonstrating the jurisdictional amount in Mr. Sparks's action are not present in this case. After the court's denial of Mr. Sparks's motion to remand, Mrs. Sparks filed this action in state court with a damages cap.

[2] "The rule against claim-splitting requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit. By spreading claims around in multiple lawsuits in other courts or before other judges, parties waste 'scarce judicial resources' and undermine 'the efficient and comprehensive disposition of cases.'" *Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 841 (11th Cir. 2017) (citations omitted). This opinion intimates no view on Defendant's arguments for applying the claim-splitting rule.

judge.  As Defendant bemoans, "If these companion lawsuits proceed forward in both state and federal court simultaneously, the result could be differing outcomes on the same underlying tort claims, a problem at the core of the rationale barring "'claim-splitting.'"  (Doc. # 9, at 7.)  While Defendant's plight is unfortunate, even paradoxical, duplicitous claims are not the concerns of subject matter jurisdiction.  *Cf. Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 369–70 (5th Cir. 1995) ("Just as a federal court may not enjoin a state action for the same cause simply because it is proceeding concurrently, *see* 28 U.S.C. § 2283, likewise a federal court may not take it on removal." (internal footnotes omitted)), *abrogated on other grounds by Rivet v. Regions Bank of Louisiana*, 522 U.S. 470 (1998)).  That a remand will require Defendant to defend against related claims in both state court and federal court does not supply a basis for the court's exercise of subject matter jurisdiction.

Third, Defendant argues that Mrs. Sparks improperly "attempts to skirt this Court's subject matter jurisdiction over her loss of consortium claim by asserting in her Complaint that the amount in controversy, as to *her* claim(s), does not exceed $75,000."  (Doc. # 9, at 11. )  She contends that this sort of "artful pleading" "blatantly ignores the fact that all events giving rise to her claim(s), simply mirror those already being pursued by her spouse in his . . . lawsuit, to which she now adds the additional loss of consortium claim."  (Doc. # 9, at 11.)  Because the amount in controversy requirement for diversity jurisdiction as to Mr. Sparks's action has been

6

satisfied, it is "nonsensical," according to Defendant, for Mrs. Sparks to claim that diversity jurisdiction is lacking in this action. (Doc. # 9, at 12.) Defendant, thus, contends that the court should exercise its discretion and find that the amount in controversy is in fact satisfied. (Doc. # 9, at 13.) This argument, which is bereft of authority, lacks merit.

Paradox and allegedly artful pleading notwithstanding, this court does not have discretion to exercise subject matter jurisdiction where it is lacking. Subject matter jurisdiction is a constitutional and statutory requirement that cannot be waived. *See Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999). Also, Defendant cites no authority for her "artful pleading" argument. The artful pleading doctrine, in its true form, is a subset of the well-pleaded complaint rule. It provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. Defendant has not asserted that Mrs. Sparks's complaint contains a federal question, and none can be found. Finally even if Mrs. Sparks could have joined Mr. Sparks's action and brought her state-law derivative claim in that suit, she did not. The fact that she chose, as the master of her complaint, to bring her own action and to limit her damages does not transform the action into a federal case. There is no independent jurisdictional basis over Mrs. Sparks's action.

Fourth, to the extent that Defendant attempts to invoke supplemental jurisdiction, *see* 28 U.S.C. § 1367(a), the court cannot exercise supplemental jurisdiction over Mrs. Sparks's action in order to consolidate it with another case in this court. "The supplemental-jurisdiction statute is not a source of original subject-matter jurisdiction, and a removal petition therefore may not base subject-matter jurisdiction on the supplemental-jurisdiction statute." *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 456 (6th Cir. 1996) (internal citation omitted); *see also In re Estate of Tabas*, 879 F. Supp. 464, 467 (E.D. Pa. 1995) ("[T]he supplemental jurisdiction statute does not allow a party to remove an otherwise unremovable action to federal court for consolidation with a related federal action," even if "such an approach would have the benefits of efficiency."). Because Mrs. Sparks's complaint does not satisfy the amount in controversy requirement, this case was not removable in its own right. The motion to remand is due to be granted.

## IV. CONCLUSION

Based on the foregoing, Defendant has not demonstrated that the amount in controversy exceeds $75,000, exclusive of interest and costs. Accordingly, it is ORDERED as follows:

(1) Plaintiff's motion to remand (Doc. # 7) is GRANTED;

(2) This action is REMANDED to the Circuit Court of Bullock County, Alabama; and

(3) The Clerk of the Court is DIRECTED to take all steps necessary to effectuate the remand.

DONE this 12th day of April, 2022.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE
